MARSHALL JEWELL

v.

THE INHABITANTS OF WEST ORANGE, in the county of Essex, et al.

1. A complainant filed a bill for strict foreclosure against a township which claimed under a sale of the premises for taxes, and stated that he bought and held the premises as trustee for a partnership composed of himself and two other persons, whom he made defendants.—*Held*, that they should be made complainants instead of defendants.

2. This court has no jurisdiction to try the validity of assessments of taxes or of the certificates of sales of lands thereunder, where they are attacked for irregularity, or because the lien had expired before the sale was made, or because the sale was made for taxes on the land sold, blended with taxes on personalty.

Bill for relief. On demurrer.

*Mr. J. W. Taylor*, for demurrants.

*Messrs. J. W. & J. K. Field*, for complainant.

THE CHANCELLOR.

This suit is brought by Marshall Jewell, as owner of certain land in the township of West Orange, in the county of Essex, for strict foreclosure. He was the purchaser of those premises at

master's sale, under an execution issued out of this court in a suit brought in 1878 by Daniel F. Appleton, for foreclosure and sale thereof. That suit was brought upon a mortgage given in 1867. Other subsequent mortgage encumbrancers were made parties, but the township, which held certain claims for taxes against the property, was not. Those claims were for taxes assessed in 1873 and 1874, and for which the property was sold in 1877 to the township, which holds certificates of sale for it, but no declaration of sale. The bill alleges that the taxes were illegally assessed, and that the sales therefor are illegal and void. It prays that it may be decreed that the assessments, with all the proceedings of the township to enforce or collect them, are utterly null and void, and that the assessments and the certificates of sale are no lien or encumbrance on the property; and also that the township has no claim or title of any kind on the property by reason of the assessments, or any of them; and that it may be decreed that the township redeem by paying the complainant the amount due for principal and interest on the three mortgages (the first of which was given in 1867, as before mentioned, and the other two in 1871) foreclosed, with the costs of the Appleton foreclosure suit. The township demurs on two grounds, want of parties and want of equity.

As to the first-mentioned ground. The complainant states in the bill that he bought the property as trustee for his business firm, consisting of himself and Pliny and Charles A. Jewell, and he also says in the bill that the last-mentioned two persons may claim to have some right, title and interest in the property, but he does not deny the claim. He makes them defendants to the bill, though he does not claim adversely to them in any way, but files the bill in their interest as well as his own. He should have made them complainants with him instead of defendants.

As to the other ground, want of equity. The bill is filed in a double aspect; in the first place, to try the validity of the assessments and sales with a view to clearing the complainant's title therefrom, and failing that, in the next place, to compel the township to redeem. The bill alleges that the assessments are invalid, and the sales null and void, not only for irregularity,

but also because when the sales were made the lien for the taxes had expired, and also because the land was sold to pay taxes, which consisted of assessments on personal property as well as taxes assessed on the land sold, which taxes were blended together. It is a settled law that this court has no jurisdiction to try the validity of the assessments or of the certificates of sale on such grounds. *Lewis* v. *City of Elizabeth, 10 C. E. Gr. 298; Dusenbury* v. *Newark, Id. 295; Jersey City* v. *Lembeck, 4 Stew. Eq. 255; Cleveland* v. *Road Board, Id. 473; Smith* v. *Newark, 5 Stew. Eq. 1; S. C. on appeal, 6 Id. 545.* If the assessments and sales are valid the complainant cannot call upon the township to redeem, for its title is paramount to that of the mortgages under which he claims. The provisions of the act under which the assessments in question were made (*P. L. of 1871, p. 367*), in reference to the assessment of taxes, the lien of the taxes, and sales for nonpayment thereof, are similar to those of the charter of the city of Trenton, under which it was adjudged that the lien of the taxes was paramount to that of a mortgage made before the assessment. *Trustees &c.* v. *Trenton, 3 Stew. Eq. 667.* The demurrer will be allowed.